IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Lavar VanDerHorst, | C/A No. 0:10-1537-SB-PJG |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Paul Egger; Jason Ward; John Gregory Hembree; Alma Y. White, | |
| Defendants. | |

The Plaintiff, Timothy Lavar VanDerHorst (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is a pre-trial detainee at the Georgetown County Detention Center, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names several employees of governmental entities as Defendants.[1] The Plaintiff alleges that his constitutional rights have been violated by the defendants throughout the state criminal process against him, which began on January 28, 2010. Plaintiff seeks monetary damages and injunctive relief. Having reviewed the Complaint in accordance with applicable law, the court concludes that all defendants

---

[1] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."



except for Defendant Egger should be dismissed on the grounds of immunity, and/or Younger abstention.[2]

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[3] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under

---

[2]An order entered contemporaneously with this report and recommendation authorizes service of process only upon Paul Egger, a Georgetown police officer.

[3]Screening pursuant to § 1915A is subject to this standard as well.



§ 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

**BACKGROUND**

The Complaint states that Plaintiff was subjected to a warrantless arrest by Defendant Officer Paul Egger on January 28, 2010 in Georgetown, South Carolina. Plaintiff further claims Defendant Egger placed handcuffs too tightly on the Plaintiff's wrists. Defendant Officer Jason Ward is named for allegedly violating Plaintiff's due process and equal protection rights while performing "Grand Jury Duty" on March 10, 2010. (Compl., Docket Entry 1 at 4.) Plaintiff names Defendant Solicitor John Gregory Hembree for due process and equal protection violations associated with Plaintiff's March 10, 2010 indictment. (Id., Docket Entry 1 at 5.) Finally, Defendant Alma Y. White, Clerk of Court, allegedly violated Plaintiff's rights by being indifferent "to disqualification of County Officer as juryman," and by appointing Plaintiff an attorney that he believes is ineffective. (Id., Docket Entry 1 at 6-7.)

As relief, Plaintiff seeks a declaratory judgment, "[a] preliminary and permanent injunction ordering the solicitor to dismiss all indictments with County Officer (Jason Ward) as Foreperson of Grand Jury with prejudice,"[4] appointment of a new attorney, an order directing the "Georgetown City Police to have warrants when making an arrest," an Order directing the Clerk of Court to ensure detainees receive a monthly bond reduction, and monetary damages. (Id., Docket Entry 1 at 8-9.)

---

[4]Under Heck v. Humphrey, 512 U.S. 477 (1994), "[r]elease from prison is not a remedy available under 42 U.S.C. § 1983." To the extent that the Plaintiff seeks immediate release from custody, he must file a habeas corpus action.



**DISCUSSION**

This Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

**A.    IMMUNITY**

Defendants John Gregory Hembree, Alma Y. White, and Jason Ward should be summarily dismissed from this action because they are entitled to immunity from suit. First, Defendant John Gregory Hembree, a Solicitor, should be summarily dismissed from this action based upon prosecutorial immunity. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. Solicitors are elected by voters of a judicial circuit. See § 24 of Article V, Constitution of the State of South Carolina; S.C. Code Ann. § 1-7-310 (1976). Prosecutors, including Defendant Hembree, have absolute immunity for activities performed as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process. See Van de Kamp v. Goldstein, 129 S.Ct. 855, 860-62 (2009). For example, when a prosecutor "prepares to initiate a judicial proceeding," "appears in court to present evidence in support of a search warrant

application," or conducts a criminal trial, bond hearings, grand jury proceedings, and pre-trial "motions" hearings, absolute immunity applies. Id. at 861; see also Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Dababnah v. Keller-Burnside, 208 F.3d 467 (4th Cir. 2000). Defendant Hembree's alleged failure to bring a valid indictment against the Plaintiff is closely related to the judicial process. Therefore, this defendant has absolute immunity from suit. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

Next, the Clerk of Court for Georgetown County, Alma Y. White, is also entitled to quasi-judicial immunity from suit. It is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions. See Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985). In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonotaries, there exists an equally well-grounded principle that any public official acting pursuant to court directive is also immune." Lockhart v. Hoenstine, 411 F.2d 455, 460 (3d Cir. 1969). Notably, "[t]he clerks of court are also entitled to immunity the same as judges when performing their duties." Zimmerman v. Spears, 428 F. Supp. 759, 762 (D. Tex. 1977), *aff'd*, 565 F.2d 310 (5th Cir. 1977); see, e.g., Yarbrough v. Garrett, 579 F. Supp. 2d 856, 860 (E.D. Mich. 2008) (noting that clerks of court who mailed transcripts to a prisoner or failed to provide requested transcripts were entitled to quasi-judicial immunity because those actions were truly judicial acts). "Absolute immunity 'applies to all acts of auxiliary court personnel that are basic and integral part[s] of the judicial function.'" Jackson v. Houck, No. 05-7769, 2006 WL 1344807 (4th Cir. May 17, 2006) (quoting Sindram v. Suda, 986 F.2d 1459, 1461 (D.C. Cir. 1993)).

In this case, Defendant White's conduct—appointing Plaintiff an attorney—and any involvement Defendant White may have had with the Grand Jury were performed within her Clerk of Court job responsibilities of handling criminal cases. Therefore, this defendant in her individual capacity has immunity from suit. The doctrine of judicial immunity has been made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, . . . and other judicial adjuncts[.]' " Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992).

Further, to the extent that Defendant White is sued in her official capacity, she also has immunity from this lawsuit. County Clerks of Court are elected by voters of a county. See S.C. Const. Art. V, § 24 ("There shall be elected in each county by the electors thereof a clerk of the circuit court, a sheriff, and a coroner; and in each judicial circuit a solicitor shall be elected by the electors thereof."). Since the Clerk of Court is an elected state official, she is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina, its integral parts, or a state official acting in his or her official capacity. See, e.g., Federal Maritime Comm'n v. South Carolina State Ports Auth., 535 U.S. 743 (2002); Board of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356 (2001); Kimel v. Florida Bd. of Regents, 528 U.S. 62 (2000); Alden v. Maine, 527 U.S. 706 (1999); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); Belcher v. South Carolina Bd. of Corr., 460

PJG

F. Supp. 805, 808-809 (D.S.C. 1978); Simmons v. South Carolina State Highway Dep't, 195 F. Supp. 516, 517 (E.D.S.C. 1961).

Finally, Plaintiff names Defendant Officer Jason Ward, not in his capacity as a police officer, but as a member of the Grand Jury. However, Grand Jury members are immune from suit under § 1983. See DeCamp v. Douglas County Franklin Grand Jury, 978 F.2d 1047, 1050-51 (8th Cir. 1992); McPherson v. Curry, 253 F.3d 706 (5th Cir. 2001) (citing Martone v. McKeithen, 413 F.2d 1373, 1376 (5th Cir. 1969) (member of grand jury immune from liability under the civil rights statutes)). As Defendant Ward is named in his capacity as the foreperson of the Grand Jury, he is also immune from suit in the instant action, and is entitled to summary dismissal therefrom.

## B. YOUNGER ABSTENTION

The Plaintiff's claims against Defendants Hembree, White and Ward are also subject to summary dismissal based upon the Younger abstention doctrine. The allegations against these Defendants appear to relate to events that occurred *after* the Plaintiff was placed under arrest. To the extent the Plaintiff is attempting to have this court interfere with the pending criminal charge against him, and as to his request that his indictments be dismissed, this court should abstain from interfering with pending state criminal proceedings. See Younger v. Harris, 401 U.S. 37, 43-44 (1971). A federal court may not award injunctive relief that would affect pending state criminal proceedings absent extraordinary circumstances. In Younger v. Harris, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir.

PJG

1996).  The Younger Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief.  *Younger v. Harris*, 401 U.S. 37, 43-44 (1971).  From Younger and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate:  "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings."  Martin Marietta Corp. v. Maryland Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

In this case, Plaintiff is clearly involved in an ongoing state criminal proceeding.  The second criterion has been addressed by the Supreme Court:  "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."  Kelly v. Robinson, 479 U.S. 36, 49 (1986).  With regard to the third criterion, the Court noted " 'that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.' "  Gilliam v. Foster, 75 F.3d 881, 904 (4th Cir. 1996) (quoting Kugler v. Helfant, 421 U.S. 117, 124 (1975)).  This Court notes that the Plaintiff should have an opportunity to vindicate his federal constitutional rights in state court by challenging the validity of his indictments.  Therefore, it is appropriate and recommended that this court abstain on the Plaintiff's § 1983 claims, including the Plaintiff's request for injunctive relief.

*PJG*

**RECOMMENDATION**

Accordingly, the court recommends that portions of the Complaint against Defendants John Gregory Hembree, Alma Y. White and Jason Ward in the above-captioned case be dismissed without prejudice and without issuance and service of process. See Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

                                                    _____
                                                    Paige J. Gossett
                                                    UNITED STATES MAGISTRATE JUDGE

July 2, 2010
Columbia, South Carolina

*The Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).