IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK, CHARLESTON, SC

2011 JUN -7 P 2: 29

Timothy Lavar VanDerHorst,            )
                                       )
                Plaintiff,             )
                                       )
v.                                     )   Civil Action No. 0:10-1537-SB
                                       )
Paul Egger,                            )   **ORDER**
                                       )
                Defendant.             )
_____)

This matter is before the Court upon the Plaintiff's pro se complaint, which was filed pursuant to 42 U.S.C. § 1983. By local rule, the matter was referred to a United States Magistrate Judge for preliminary determinations.

On March 17, 2011, the Defendant filed a motion for summary judgment, and on March 18, 2011, the Magistrate Judge issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising the Plaintiff of the summary judgment procedures and informing him of the need to respond to the motion and the possible consequences of failing to respond. Despite this warning and explanation, the Plaintiff failed to respond.



Therefore, on April 26, 2011, the Magistrate Judge issued another order instructing the Plaintiff to advise the Court as to whether he wished to proceed with this case and again informing the Plaintiff of his need to respond to the Defendant's motion for summary judgment. In the order, the Magistrate Judge specifically warned the Plaintiff that a failure to respond would result in this action being dismissed with prejudice for failure to prosecute.

When the Plaintiff again failed to respond, the Magistrate Judge filed a report and recommendation ("R&R") on May 16, 2011, outlining the facts and recommending that the

Court dismiss this action with prejudice pursuant to <u>Chandler Leasing Corp. v. Lopez</u>, 669 F.2d 919 (4th Cir. 1982). Attached to the R&R was a notice advising the Plaintiff of the right to file specific, written objections to the R&R within 14 days of the date of service of the R&R. To date, no objections have been filed.

Absent timely objection from a dissatisfied party, a district court is not required to review, under a <u>de novo</u> or any other standard, a Magistrate Judge's factual or legal conclusions. <u>Thomas v. Arn</u>, 474 U.S. 140, 150 (1985); <u>Wells v. Shriner's Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997). Here, because the Plaintiff did not file any specific, written objections, there are no portions of the R&R to which the Court must conduct a <u>de novo</u> review. After review, the Court agrees with the Magistrate Judge that dismissal of this action is appropriate. Accordingly, the Court hereby adopts the R&R (Entry 68) as the order of this Court, and it is

**ORDERED** that this action is dismissed with prejudice for lack of prosecution, resulting in the termination of any pending motions.

**IT IS SO ORDERED.**

#3

_____
The Honorable Sol Blatt, Jr.
Senior United States District Judge

June 6, 2011
Charleston, South Carolina

2